ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 108-069 |
| | ) | |
| LERONCE EUGENE TURNER | ) | |

## ORDER

Before the Court are the various pre-trial and discovery motions filed by Defendant Leronce Eugene Turner. The United States of America, by and through its attorney, Edmund A. Booth, Jr., United States Attorney, and David M. Stewart, Assistant United States Attorney, has filed a combined response to these motions.

### GENERAL DISCOVERY MOTION

As to Defendant Turner's general discovery requests, (doc. no. 15), the government responds that it has provided "open file" discovery in this case. The government has provided approximately 77 pages of discovery materials that include investigative reports and other documents that are material this case (attorney and agent work product excepted). If any scientific tests were conducted or exemplars taken and the results are available, those results have been included in the discovery materials.[1] Accordingly, the Court finds that the position of the United States Attorney in permitting full disclosure of the government's file pertaining to this case renders the general discovery requests **MOOT**.

---

[1] The government states that it is not aware of any scientific tests currently being performed but that if any such tests are conducted in the future, the results will be provided upon their receipt. (Doc. no. 29, p. 2).

However, to ensure that Defendant's requests are in fact covered by the government's disclosures, the Court hereby requires counsel for Defendant to submit not later than five (5) days from the date of this Order a written statement describing any existing disputes or unresolved items that have not been specifically addressed elsewhere in this Order.[2] The statement should detail the specific items sought and should include a memorandum of law.

Defense counsel is reminded that dissemination of discovery material beyond that necessary to the preparation of the defense is prohibited by Loc. Crim. R. 16.1.

Any discovery material turned over to Defendant shall be maintained by Defendant and not further disseminated. <u>Failure to comply with the terms of this Order may result in contempt proceedings</u>.

### MOTION FOR NOTICE BY THE GOVERNMENT OF THE INTENTION TO RELY UPON OTHER CRIMES EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b)

Defendant filed a motion seeking the government to give notice of its intention to use at trial evidence of "other crimes, wrongs or acts" under Fed. R. Evid. 404(b). The Local Rules provide:

> As soon as practicable after the defendant's arraignment, and in any event no more than twenty (20) days after the arraignment (unless the Court directs otherwise), the United States Attorney shall serve upon counsel for the defendant a written notice of any direct or circumstantial evidence of other crimes, wrongs, or acts of the defendant, or specific instances of conduct or

---

[2] Unlike its past practice of providing a Preliminary Statement and then providing separate responses for each of Defendant's motions, the government in this case provided specific responses to only two of Defendant's multiple discovery motions. (Doc. no. 29, pp. 3-4). Although the Court has parsed the government's Preliminary Statement to find information responsive to the remainder of Defendant's specific motions, providing separate responses to each of a defendant's motions facilitates the Court's ability to most efficiently assess the motions that have been filed.

2

criminal convictions of the defendant, which the Government intends to offer into evidence through either Fed. R. Evid. 404(b) or under the theory that the evidence is so inextricably intertwined with defendant's charged offense that it should be admissible.

Loc. Crim. R. 16.2; see also Loc. Crim. R. 12.3.

In its Arraignment Order dated May 23, 2008 (doc. no. 10), the Court directed that if the government intends to use 404(b) evidence, it must make the required disclosures in accordance with the Local Rules. Accordingly, this motion requesting 404(b) disclosures, which the government has already been directed to make, is **MOOT**. (Doc. no. 23).

## MOTION TO COMPEL DISCLOSURE OF U.S. ATTORNEY'S JURY SELECTION DATA

Defendant seeks information on prospective jurors in the possession of the United States Attorney. The government has stated that it maintains no such information (doc. no. 29, p. 4), and therefore the motion is **MOOT**. (Doc. no. 26).

## MOTION FOR EARLY DISCLOSURE OF JENCKS ACT MATERIAL

The Jencks Act, 18 U.S.C. § 3500, requires the government to provide a defendant with statements of witnesses immediately following their testimony in court. There is no authority for the Court to grant an early release or disclosure of that material. United States v. Schier, 438 F.3d 1104, 1112 (11th Cir. 2006); United States v. Jordan, 316 F.3d 1215, 1251 & n.78 (11th Cir. 2003); United States v. Jimenez, 613 F.2d 1373, 1378 (5th Cir. 1980). However, early disclosure of Jencks Act materials will avoid unnecessary delay and inconvenience to the Court and jury. The government does not oppose the motion. The government also states that it is willing to provide Jencks Act materials, including grand jury transcripts, one week prior to trial. (Doc. no. 29, p. 1). The government is **INSTRUCTED**

3

to provide Jencks Act materials seven (7) days prior to trial to provide defense counsel a meaningful opportunity to assess these statements. (Doc. no. 24).

## MOTION TO PROVIDE TRANSCRIPTS OF GRAND JURY PROCEEDINGS

Defendant has moved to disclose grand jury proceedings, including a transcript thereof. "A defendant must show 'particularized need' to justify infringement of the secrecy surrounding a grand jury. . . . Unsubstantiated allegations of grand jury manipulation do not satisfy the 'particularized need' standard." United States v. Cole, 755 F.2d 748, 758-59 (11th Cir. 1985); United States v. Tucker, 526 F.2d 279, 282 (5th Cir. 1976); see also United Kingdom v. United States, 238 F.3d 1312, 1321-22 (11th Cir. 2001) (recognizing that Eleventh Circuit precedent requires showing of "particularized need" to obtain disclosure of protected grand jury materials). Defendant has expressed a general desire to review those records but has not attempted to show a particularized need for them. Accordingly, the motion for disclosure of grand jury proceedings is **DENIED**.[3] (Doc. no. 21).

## MOTION FOR DISCLOSURE OF NAMES, ADDRESSES, AND CRIMINAL RECORDS OF WITNESSES

Defendant filed a motion requesting that the government be ordered to furnish the names and addresses, as well as the criminal records, of witnesses. (Doc. no. 12). In non-capital cases such as this case, a defendant is generally not entitled to a list of government witnesses. United States v. Massell, 823 F.2d 1503, 1509 (11th Cir. 1987); United States v. Johnson, 713 F.2d 654, 659 (11th Cir. 1983); United States v. Colson, 662 F.2d 1389, 1391

---

[3]As noted above, the Court is aware that the government has stated its intent to provide Jencks Act materials, including the grand jury transcripts, seven (7) days prior to trial.

4

(11th Cir. 1981). However, as a practical matter, it would appear that Defendant will be receiving much of this information because of the government's liberal discovery policy and because of the government's obligation to disclose material pursuant to the Jencks Act and/or Brady v. Maryland, 373 U.S. 83 (1963). This, in essence, moots Defendant's request for a witness list. While this Court retains the right to exercise its discretion in permitting Defendant to have access to a list of government witnesses, at most the government would be required to comply with this request not more than ten (10) days prior to trial. Therefore, this request is **DENIED**.

The Court next turns to the request for the disclosure of prior criminal conduct and uncharged bad acts of witnesses. The Confrontation Clause guarantees criminal defendants an opportunity to impeach through cross examination the testimony of witnesses for the prosecution. United States v. Yates, 438 F.3d 1307, 1318 (11th Cir. 2006) (*en banc*); United States v. Lyons, 403 F.3d 1248, 1255-56 (11th Cir. 2005); United States v. Novaton, 271 F.3d 968, 997 (11th Cir. 2001); United States v. Baptista-Rodriguez, 17 F.3d 1354, 1370 (11th Cir. 1994). This right is not, however, unlimited. While Fed. R. Evid. 608(b) allows cross examination of a witness as to specific instances of misconduct, the government does not have a duty to investigate each witness. This Rule must also be construed to limit cross examination to those acts of conduct "which are generally agreed to indicate a lack of truthfulness." 4-608 Weinstein's Federal Evidence § 608.22. The types of acts which satisfy this strict test are forgery, bribery, cheating, embezzlement, false pretenses, fraud and perjury. Id. Moreover, the government has stated its willingness to provide, seven (7) days prior to trial, rap sheets or criminal convictions of witnesses which the government learns

about and which could properly be used for impeachment under Fed. R. Evid. 609. Beyond the government's continuing duty to disclose under Brady v. Maryland, 373 U.S. 83 (1963), and the parameters discussed herein, Defendant's request for disclosure of prior crimes of witnesses is **DENIED**.

## MOTION TO INTERVIEW WITNESSES UNDER CONTROL OF THE GOVERNMENT

Defendant filed a motion seeking to interview certain witnesses Defendant believes to be under the control of the government. (Doc. no. 27). While a defendant is normally entitled access to prospective witnesses, such as disclosed informants, a defendant must first demonstrate some good faith effort in attempting to locate these people before the Court will order the government to make available the locations of these witnesses. Although the government is not required to make such witnesses available, the government may not interfere with a defendant's right to interview prospective witnesses. United States v. Manor, 936 F.2d 1238, 1242 (11th Cir. 1991); United States v. Pepe, 747 F.2d 632, 654 (11th Cir. 1984). The Court instructs the government to inform any prospective witnesses under its control that it is permissible for them to speak freely with defense attorneys, if they so choose. Accordingly, the motion to interview is **GRANTED** as to any witness who so chooses to be examined by defense counsel prior to trial.

## MOTION FOR DISCLOSURE OF BRADY MATERIAL

Defendant filed a motion seeking the disclosure of exculpatory and impeaching information in accordance with the principles of Brady v. Maryland, 373 U.S. 83 (1963) and its progeny. (Doc. no. 19). However, Defendant's request exceeds the scope of Brady.

6

Brady material includes information that is favorable to a defendant and material to guilt or punishment. Brady, 373 U.S. at 87; United States v. Agurs, 427 U.S. 97 (1976). This motion is **GRANTED** to the extent that the government must provide all Brady material to Defendant within five (5) days of the date it is received or its existence becomes known.

## MOTIONS FOR DISCLOSURE OF ALL CONSIDERATIONS

Defendant has moved to have the government provide him with all considerations made to witnesses, including any promises of immunity, leniency or preferential treatment made by the government to any prosecution witness, informant or cooperating defendant - a request which covers copies of applicable indictments and plea agreements. The government has agreed to provide this material to the defense no later than one week prior to trial (doc. no. 29, pp. 1-2), thereby making these motions **MOOT**. (Doc. nos. 17, 28).

## MOTION FOR DISCLOSURE OF ELECTRONIC SURVEILLANCE

In this motion, Defendant seeks the disclosure of all electronic surveillance. The government has indicated that it is not aware of any taped conversations having been made in this case and that it is not aware of any electronic surveillance having been conducted. Therefore, the motion for disclosure of electronic surveillance is **MOOT**. (Doc. no. 14).

## MOTION FOR RECIPROCAL DISCOVERY

This motion filed by the government seeks reciprocal discovery from Defendant under Rule 16(b) of the Federal Rules of Criminal Procedure. In light of the government's

willingness to provide "open file" discovery, it is entitled to this information. See Fed. R. Crim. P. 16(b)(1). Accordingly, this motion is **GRANTED**. (Doc. no. 30).

SO ORDERED this 24th day of June, 2008, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE